[Crim. No. 258. First Appellate District.—July 19, 1910.]

THE PEOPLE, Respondent, v. O. J. FORTCH, Appellant.

DENTISTRY ACT—MISDEMEANOR FOR VIOLATION IN CITY AND COUNTY OF SAN FRANCISCO—INFORMATION—JURISDICTION OF SUPERIOR COURT. The superior court of the city and county of San Francisco has jurisdiction of an information for a misdemeanor for violation of the dentistry act as amended in 1909 [Stats. 1909, p. 800], by practicing dentistry without a license, which is punishable by a fine not exceeding $1,000, or by imprisonment in the county jail not more than one year.

ID.—CONSTITUTIONAL GRANT OF JURISDICTION OF MISDEMEANORS.—The constitution gives to the superior court jurisdiction of all cases of "misdemeanor not otherwise provided for."

ID.—JURISDICTION NOT CONFERRED UPON POLICE COURT BY FREEHOLDERS' CHARTER.—By the freeholders' charter of the city and county of San Francisco, which went into effect on the first Monday in January, 1900, the police court created and established thereunder, as a municipal affair, is vested only with jurisdiction of the violation of municipal ordinances, and over such misdemeanors as are vested in justices of the peace under the general law. But there is no general law conferring jurisdiction upon justices of the peace of

misdemeanors punishable by a fine not exceeding $1,000, **or by** imprisonment in the county jail not more than one year.

ID.—REPEAL OF FORMER POLICE COURT ACTS BY FREEHOLDERS' CHARTER. Although the former police court of the city and county of San Francisco, created under the act of March 5, 1889, as amended and supplemented by the act of February 3, 1893, was vested with jurisdiction of misdemeanors such as are created by the dentistry act, yet those acts were repealed upon the adoption of the free-holders' charter by the terms of sections 6 and 8 of article XI of the constitution, and by the adoption of a police court established thereunder as a municipal affair, by the terms of section 6, and by subdivision 1 of section 8½ of article XI, adopted November 3, 1896.

ID.—ABOLITION OF OLD POLICE COURT—NEW COURT NOT IDENTICAL.— The police court established by the charter is not the same court referred to in the acts of 1882 and 1893, but is a new court created by a different authority. When the charter court was created, the police court created by those acts went out of existence with the repeal of the acts creating it.

ID.—REPEAL OF LEGISLATION INCONSISTENT WITH FREEHOLDERS' CHAR-TER.—No act of the legislature can stand which is inconsistent with a provision in a freeholders' charter in regard to the same subject matter.

ID.—VOID PROVISION FOR CONCURRENT JURISDICTION.—The provision in the freeholders' charter of the city and county of San Francisco, assuming to give the superior court concurrent jurisdiction with the police court of all misdemeanors, is void.

ID.—ORIGINAL JURISDICTION OF SUPERIOR COURT OVER DENTISTRY ACT.— There being no other court vested with jurisdiction of the misde-meanor created by the dentistry act, the superior court has original jurisdiction thereof.

ID.—INSTRUCTION AS TO BURDEN OF PROOF UPON DEFENDANT.—The court did not err in instructing the jury that the burden was upon the defendant to prove that he either had a license from the board of dental examiners of California, or that, at the time of the passage of the act regulating dentistry approved March 23, 1901, he had the lawful right to practice dentistry in the state of California.

ID.—INSTRUCTION AS TO STATUTE DEFINITION OF "PRACTICING DEN-TISTRY."—The court did not err in giving to the jury the exact lan-guage used in the statute defining what is "practicing dentistry," viz.: "That any person shall be understood to be practicing dentistry who shall for a fee, salary or reward, paid directly or indirectly, either to himself or some other person, perform an operation of any kind upon the human jaws or teeth."

ID.—POWER OF LEGISLATURE TO DEFINE DENTISTRY.—The legislature had the power to define what is meant by the terms "practicing

dentistry," and thus to make clear what acts it intended to make unlawful.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

John T. Williams, and Walter J. Thompson, for Appellant.

U. S. Webb, Attorney General, and Oliver Dibble, for Respondent.

HALL, J.—Defendant was charged, by information, filed in the superior court of the city and county of San Francisco, with practicing dentistry without a license in said city and county, in violation of the so-called "dentistry act," as amended in 1909 (Stats. 1909, p. 800). Upon his trial he was found guilty, and is now before this court upon his appeal from the judgment of conviction and the order denying his motion for a new trial.

The principal point relied on for a reversal of the judgment is that the superior court had no original jurisdiction of the offense charged. The offense is punishable by a fine of not exceeding $1,000, or imprisonment in the county jail for not more than one year.

The constitution gives to the superior court original jurisdiction of all "cases of misdemeanor not otherwise provided for." Therefore, unless jurisdiction of the class of misdemeanors to which this offense belongs is given by some law to some other court, jurisdiction thereof belongs to the superior court. Appellant's contention is that such jurisdiction is given by the act creating a police court in the city and county of San Francisco approved March 5, 1889 (Stats. 1889, p. 62), and the act amendatory of and supplemental thereto, approved February 23, 1893 (Stats. 1893, p. 9). These two acts may be read as one act, and did give jurisdiction in all cases of misdemeanor punishable by fine not exceeding $1,000, or by imprisonment not exceeding one year, to the police court created by the act of 1889. The court continued in existence, and the law by which it was created re-

mained in force, until the taking effect of the present charter of the city and county of San Francisco on the first Monday in January, 1900. In accordance with the provisions of section 8½ of article XI of the constitution, adopted in 1896, the present charter creates a police court and defines its jurisdiction. The language of the charter is, ''There is hereby created and established in and for the City and County of San Francisco a court to be known as the Police Court of the City and County of San Francisco'' (section 1, chapter VIII, article V, charter of San Francisco). Then follow complete provisions defining the jurisdiction of such court, and providing for its regulation and government, and for the manner and time of the election of the judges thereof and its clerks and attaches. The police court established by the charter is not the same court referred to in the act of 1889 and in the supplemental act of 1893, but it is a new court created by a different authority. When the charter court was created the police court created by the act of 1889 went out of existence, and the act of 1889 and the supplemental act of 1893 were repealed. This we understand to be the doctrine laid down in *Graham* v. *Mayor etc. of Fresno,* 151 Cal. 465, [91 Pac. 147]. It is there said: ''The effect of subdivision 1 of section 8½ of article XI was to make the matter of such police courts purely a municipal affair as to any freeholders' charter city which subsequently made appropriate provision in its charter for such court. It confided the subject matter of such courts, and the election and compensation of the judges thereof, to any such city desiring to assume and assuming control thereof, just as by the same section the matter of fixing the compensation of county officers in consolidated cities and counties was confided to the city and county to be provided for in its freeholders' charter. Such jurisdiction could not coexist in both the legislature and the city, and the provision for the assumption of such jurisdiction by the city necessarily contemplated the removal of the same from the legislature whenever the jurisdiction was assumed by the city. Any act of the legislature relative to such subject matter would necessarily be inconsistent with a charter provision in regard to the same subject matter. As to such matters as the constitution authorizes to be provided for in freeholders' charters, the provisions of the charter are su-

preme, superseding all laws inconsistent therewith (Const., art. XI, sec. 6), and being exempt from any control by any subsequent act of the legislature." By the terms of the constitution the subject matter of providing for the *constitution and jurisdiction* of police courts is given to such cities and cities and counties if they so elect. In the case just cited it is said: "Any act of the legislature relative to such subject matter would necessarily be inconsistent with a charter provision in regard to the same subject matter."

The charter provides that it "shall supersede the existing charter of said city and county, and all amendments thereof, and all laws inconsistent with this charter."

It is clear that the effect of the provisions of the charter creating a police court was to repeal the acts of 1889 and 1893, which are the only acts claimed to give jurisdiction of misdemeanors of the class to which the case at bar belongs to any court other than the superior court. For while the charter attempts to give concurrent jurisdiction of all misdemeanors to the superior court and police court, such provision has been declared to be void. (*Robert* v. *Police Court,* 148 Cal. 131, [82 Pac. 838].) The charter, therefore, as is very properly conceded by appellant, does not give jurisdiction to the police court of the offense of which defendant was convicted. Under the charter the police court has jurisdiction of all prosecutions for violations of ordinances of the board of supervisors, and such jurisdiction as is possessed by justices of the peace in cases of misdemeanors under the general laws. (*Robert* v. *Police Court,* 148 Cal. 131, [82 Pac. 838].) But there is no general law giving to the justices of the peace jurisdiction over misdemeanors punishable by fine of $1,000 or imprisonment for one year. As we have shown, the only law relied on by appellant as giving jurisdiction of the offense to any court other than the superior court has been repealed by the adoption of the charter. Neither the act of 1889 nor the supplemental act of 1893 purports to define the jurisdiction of any police court other than the one created by the act of 1889. That such court is a different court from the one created by the freeholders' charter is quite plain. The two courts were created by different authorities, and the creation of the second abolished the first and repealed the acts for its creation. It is therefore plain that the su-

perior court had original jurisdiction of the case at bar, and the contention of appellant upon this point cannot be sustained.

Appellant next contends that the trial court erred in instructing the jury to the effect that the burden was upon the defendant to prove that he either had a license from the board of dental examiners of California, or that at the time of the passage of the act regulating dentistry, approved March 23, 1901, [Stats. 1901, c. 175], he had the lawful right to practice dentistry in the state of California.

The court followed the rule laid down in *People* v. *Boo Doo Hong,* 122 Cal. 606, [55 Pac. 402], and in so doing committed no error.

The only other point relied on by appellant is that the court erred in charging the jury ''That any person shall be understood to be practicing dentistry who shall for a fee, salary or reward, paid directly or indirectly, either to himself or some other person, perform an operation of any kind upon the human jaws or teeth.''

This instruction is in the exact language of the statute defining what shall constitute the practice of dentistry within the meaning of the act. The legislature had the power to thus define what it meant by the terms ''practicing dentistry,'' and to thus make clear what acts it intended to make unlawful. (*State* v. *Yegge,* 19 S. D. 234, [103 N. W. 17].) The instruction was not erroneous.

No other grounds are urged for a reversal, and the judgment and order must be affirmed. It is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.