[Crim. No. 690.  First Appellate District.—December 8, 1917.]

THE PEOPLE, Respondent, v. FRANK KESELING, Appellant.

CRIMINAL LAW—PRACTICE OF DENTISTRY WITHOUT LICENSE—EVIDENCE—PERSONS EMPLOYED BY STATE TO DETECT CRIME—WITNESSES NOT ACCOMPLICES.—In a prosecution for practicing dentistry without a license in violation of the provisions of an act of the legislature regulating the practice of dentistry (Stats. 1915, p. 698), persons employed by the state to seek and submit to the services of the defendant were not accomplices of the defendant in the perpetration

of the crime charged within the meaning of section IV of the Penal Code, as amended in 1915, since whenever the commission of a crime by one person involves the co-operation of another person, the latter becomes an accomplice only in the event that his co-operation in the commission of the crime is corrupt.

ID.—WITNESSES AS FEIGNED ACCOMPLICES—CORROBORATION NOT NECESSARY.—Even though persons employed by the state to detect violations of the state Dental Act be considered as feigned accomplices, their testimony needs no corroboration, since the uncorroborated testimony of one who, under the direction of officers of the law, feigns complicity in the commission of a crime merely for the purpose of detecting and prosecuting the perpetrators thereof will support a conviction.

ID.—DENTAL ACT OF 1901—REPEAL OF PRIOR ACTS—TIME OF TAKING EFFECT.—The Dental Act (Stats. 1901, p. 571) in providing that it should take effect September 1, 1901, and that all prior laws were thereby repealed, did not leave any interregnum in the law between the repeal of the prior acts and the taking effect of the new act in which it was lawful to practice dentistry without a license, since the repeal of the prior acts did not take effect sixty days after its passage, but the entire act went into effect September 1st.

ID.—PLEADING — INFORMATION — TRAVERSE OF EXCEPTIONS UNNECESSARY.—An information charging the crime of practicing dentistry without a license need not traverse the exceptions contained in the act.

ID.—PAYMENT OF FEE FOR OPERATION — UNNECESSARY ALLEGATION.— Under the Dental Act providing that a person shall be understood to practice dentistry within the meaning of the act who shall have a fee, salary, or reward paid directly or indirectly either to himself or to some other person performing an operation, etc., it is not necessary that the information should charge that the fee paid for the work performed by the defendant was paid by the person upon whom the work was performed.

ID.—CONSTITUTIONAL LAW—ACT NOT SPECIAL LEGISLATION—JURISDICTION OF SUPERIOR COURT.—The state Dental Act does not contravene section 25 of article IV of the constitution, prohibiting the enactment of local or special laws in the cases therein enumerated in view of section 5 of article VI, which provides that the superior court shall have original jurisdiction in cases of misdemeanor not otherwise provided for.

ID.—ACT NOT DISCRIMINATORY.—The provisions of section 5 of the Dental Act prescribing who shall be eligible to take an examination before the board of dental examiners is not unconstitutional on the ground that it is discriminatory, since it only discriminates between those who have the necessary learning and skill and those who have not, and those who are able and those who are unable to acquire it.

ID.—ACT NOT SPECIAL LEGISLATION AS TO EVIDENCE.—Section 11 of the
Dental Act does not specify what shall constitute sufficient evidence
to convict a person under the law, but the acts that shall constitute
the practice of dentistry, and is not therefore special legislation
within the inhibition of subdivision 3 of section 25 of article IV of
the constitution.

ID.—EVIDENCE—CHARACTER OF WORK.—In a prosecution for practicing
dentistry without a license, evidence as to the character of the work
performed by defendant, offered for the purpose of showing that he
was a good dentist, was properly excluded, as not responsive to any
issue in the case.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

W. H. H. Hart, and T. John Butler, for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy
Attorney-General, and Oliver Dibble, for Respondent.

LENNON, P. J.—The defendant herein was charged in an
information filed in the superior court of the city and county
of San Francisco with the crime of misdemeanor, namely:
Practicing dentistry without a license in violation of the
provisions of an act of the legislature regulating the practice
of dentistry in the state of California (Stats. 1915, p. 698).
The defendant pleaded not guilty, waived a trial by jury,
and after a trial by the court was adjudged guilty and sen-
tenced to pay the minimum fine provided by the statute,
namely: one hundred dollars. The appeal is from the judg-
ment and from an order denying the defendant a new trial.

The testimony of Edith McDonnell and Louise St. John,
witnesses for the people, did not require corroboration. Al-
though employed by the state to seek and submit to the ser-
vices of the defendant, they were not accomplices of the
defendant in the perpetration of the crime charged within the
meaning of section 1111 of the Penal Code, as amended in
1915 (Stats. 1915, p. 760), which defines an accomplice "as
one who is liable to prosecution for the identical offense
charged against the defendant on trial in the cause in which
the testimony of the accomplice is given."

Whenever the commission of a crime by one person involves the co-operation of another person, the latter becomes an accomplice only in the event that his co-operation in the commission of the crime is corrupt. The participation by the two witnesses in question in the dental practice of the defendant, one as the subject of treatment and the other paying for the same, was not by the law denounced as a crime, and clearly, therefore, it was lacking in the criminal intent necessary to the corrupt co-operation that would make them liable to prosecution and conviction for the identical offense charged against the defendant.

Even though they were feigned accomplices, still their testimony needed no corroboration, for it is the settled law that the uncorroborated testimony of one who, under the direction of officers of the law, feigns complicity in the commission of a crime merely for the purpose of detecting and prosecuting the perpetrators thereof will support a conviction. (*People · v. · Farrell*, 30 Cal. 316; *People* v. *Bolanger*, 71 Cal. 17, [11 Pac. 799]; *People* v. *Barric*, 49 Cal. 342; *People* v. *Fong Ching*, 78 Cal. 169, [20 Pac. 296].)

The defendant claims that the evidence shows that he was practicing dentistry at and prior to the time the act of 1901 was passed and took effect, and that inasmuch as that act expressly repealed all preceding acts governing and controlling the same subject matter as does the act of 1915, under which the defendant was prosecuted, and exempted from its provisions those persons who had ''the lawful right'' to practice dentistry at the *time of its passage,* he could not be charged with and convicted of the crime of practicing dentistry without a license. More precisely stated, the contention of the defendant in this behalf is that he was actually practicing dentistry between March 23, 1901, and September 1, 1901; that section 25 of the Dental Act of 1901 should be construed to mean that all prior acts regulating the practice of dentistry in the state of California were repealed sixty days after March 23, 1901; and that inasmuch as the act of 1901 did not by its terms go into effect until September 1, 1901, there was between May 23d (sixty days after the passage of the act of 1901) and September 1st (the time when the act was by its terms to go into effect), an interregnum in the law during which time it was not unlawful for him to practice dentistry without a license.

We are not satisfied that the evidence shows that the defendant was actually practicing dentistry between March 23, 1901, and September 1, 1901. But however that may be, the contention just stated is untenable. Section 323 of the Political Code provides that "Every statute, unless a different time is prescribed therein, takes effect on the sixtieth day after its passage." This section was in effect at the time of the passage of the Dental Act of 1901, and if no provisions to the contrary were contained in said Dental Act, it would, therefore, have taken effect sixty days after March 23, 1901. But section 25 of that act declared that it should "take effect September 1, 1901," that is to say, the entire act should take effect September 1, 1901, and not that one portion thereof should take effect on that date and another part thereof on some other day. The entire act for all purposes went into effect September 1, 1901, and on that date, and not before, the prior acts regulating the practice of dentistry became absolutely and finally repealed.

In this construction of the statutory situation there was no interregnum in the law, and the defendant, as the record shows, never having been licensed as a dentist, did not have the *lawful* right to practice dentistry at the time charged in the information.

The defendant's demurrer to the information was properly disallowed. It was not necessary that the information should traverse the exceptions contained in the act. (*Ex parte Hornef,* 154 Cal. 355, [97 Pac. 891].) Neither was it necessary that the information should have charged that the fee paid for the work performed by the defendant was paid by the person upon whom the work was performed. The statute provides that "any person shall be understood to be practicing dentistry within the meaning of this act . . . who shall for a fee, salary or reward, paid directly or indirectly either to himself or to some other person perform an operation," etc. [Stats. 1915, p. 705.]

The objection presented by the demurrer that the Dental Act of 1915 contravened section 25 of article IV of the state constitution is answered by the provisions of article VI, section 5, of the constitution, which provide that the superior court shall have original jurisdiction in cases of misdemeanor not otherwise provided. See, also, *People* v. *Fortch,* 13 Cal. App. 770, [110 Pac. 823], where it is held that the

legislature has the right to prescribe the punishment for this character of misdemeanor.

The provisions of section 5 of the Dental Act of 1915, prescribing who shall be eligible to take an examination before the board of dental examiners, is not unconstitutional upon the ground that it is discriminatory. In disposing of precisely the same objections as the defendant makes here to subdivision 12 of the act of 1901, which also prescribed the conditions upon which a person might take examination for a license, the supreme court of the state in the case of *Ex parte Whitley,* 144 Cal. 167, [1 Ann. Cas. 13, 77 Pac. 879], said: "It is entirely within the power of a legislature to fix any reasonable standard for determining the competency of an applicant for admission to the practice of dentistry. . . . The law, no doubt, is discriminatory, but not in any constitutional sense. It does not discriminate between classes. The discrimination goes to the degree of learning and skill which all applicants for examination must possess. It discriminates between those who have the necessary degree of learning and skill and those who have not; between those who are able and those who are unable to acquire it. It is not an unreasonable or capricious discrimination applying to classes as such, or members of a class, but is based solely upon professional qualification. It is a discrimination which, in the interest of the public welfare, it is the duty of the legislature to make, and the necessity for which, and its nature and extent— whether an examination and right to practice shall depend on the possession by the applicant of a diploma of a dental college only, or be extended to others, and how far—depend primarily upon the judgment of the legislature, which, when reasonably exercised, the courts cannot control. These principles will be found fully discussed and sustained in *State* v. *Vandersluis,* 42 Minn. 129, [6 L. R. A. 119, 43 N. W. 789]; *Dent* v. *West Virginia,* 129 U. S. 122, [32 L. Ed. 623, 9 Sup. Ct. Rep. 231]; also *Ex parte Gerino,* 143 Cal. 412, [66 L. R. A. 249, 77 Pac. 166]."

The defendant does not point out in his brief how or in what manner the information fails to substantially conform to sections 950, 951, and 952 of the Penal Code, nor in what respect the information fails to contain in ordinary and concise language a statement of the acts constituting the offense, etc,

Our reading of the information satisfies us that it meets with all of the requirements of the rules of criminal pleading.

There is no merit to the contention that section 11 of the Dental Act of 1915 renders the entire act unconstitutional because, as it is alleged, that section violates subdivision 3 of section 25 of article IV of the Constitution of the state of California, in that it specifies what shall constitute sufficient evidence to convict a person under the law, and therefore is special legislation. That section does no more than define what shall constitute the practice of dentistry in the state of California and "The legislature has the power to thus define what is meant by the term 'practicing dentistry,' and to thus make clear what acts it intended to make unlawful." (*People v. Fortch,* 13 Cal. App. 770, 775, [110 Pac. 823].)

Nor is there any merit in appellant's contention that the court erred in sustaining certain objections made by the people to questions propounded by defendant's counsel to Albert Meyer, the purpose of which was to show by the character of the work performed by defendant that he was a good dentist, etc. This evidence was not responsive to any issues in the case. The defendant was not being prosecuted for being a bad dentist, but for practicing dentistry—good, bad, or indifferent—without first having obtained a license to do so.

What we have thus far said disposes of every point made in support of the appeal which is worthy of discussion.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 7, 1918.