[Crim. No. 1433.  Second Appellate District, Division Two.—March 5, 1927.]

THE PEOPLE, Respondent, v. F. J. SPAULDING, Appellant.

[1] CRIMINAL ʼLAW — DETECTIVES — ACCOMPLICE — CORROBORATION. — Merely engaging in a scheme for the purpose of detecting, exposing, and punishing crime does not constitute one an accomplice whose testimony requires corroboration.

[2] ID. — VIOLATION OF SECTION 288A, PENAL CODE — ACCOMPLICE — CORROBORATION—EVIDENCE.—In this prosecution for having committed the infamous crime defined by section 288a of the Penal Code, the evidence justified the conclusion that if the prosecuting witnesses were accomplices they were feigned ones only, and hence their testimony need not have been corroborated.

[3] ID.—WITNESSES—QUESTION OF ACCOMPLICE—CONFLICTING EVIDENCE —VERDICT.—Where the evidence is conflicting, the question as to whether or not witnesses were accomplices is one for the jury, and having been determined by them in the negative, their verdict is conclusive.

(1) 16 C. J., p. 673, n. 89.  (2) 16 C. J., p. 677, n. 62.  (3) 16 C. J., p. 678, n. 65; 17 C. J., p. 271, n. 28.

APPEAL from a judgment of the Superior Court of Tulare County.  J. A. Allen, Judge.  Affirmed.

The facts are stated in the opinion of the court.

M. F. McCormick for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and LeRoy McCormick, District Attorney, for Respondent.

CRAIG, J.—The appellant was charged by information with having committed in the county of Tulare the infamous crime defined by section 288a of the Penal Code. He was convicted by a jury, and appeals from the resultant

1.  Person feigning crime to detect other as accomplice, notes, 98 Am. St. Rep. 160; 138 Am. St. Rep. 275.  See, also, 8 Cal. Jur. 175; 1 R. C. L. 159.

judgment upon the grounds (1) that the People's witnesses were accomplices, and that aside from their testimony "there was not a particle of evidence to show the commission of the offense charged in the information"; (2) that, assuming them to have entrapped the defendant, if they induced him to commit an offense which he would not otherwise have committed, the conviction cannot be sustained.

It appears that on January 31, 1926, appellant was engaged in conducting an automobile supply store known as Spaulding's Filling Station, on the state highway, northerly from the town of Earlimart, in Tulare County; that on the afternoon of said date two deputy sheriffs of Kings County, named Pefley and Lant, appeared in the latter's automobile at appellant's establishment and purchased oil for the machine; that Lant retired to a lavatory in the rear of the store, and while he was absent Pefley sold the appellant four boxes of candy. Pefley testified that when he first exhibited samples of the candy to Spaulding the latter ignored them, making repeated indecent proposals to him, and that the defendant put his hand on the private parts of the witness; that thereafter Pefley told Lant of the occurrence, stating that Spaulding was a moral pervert, to which Lant replied, "I know he is; he tried to approach me." Lant testified that during the same visit the defendant made obscene advances toward him, and when repulsed said: "Don't tell your partner anything"; "the next time you come through stop in and I will be glad to have you." Each of these witnesses swore that they had previously been deputized for special work by the sheriff of Kings County, and were narcotic and liquor investigators; that as a result of the experiences above mentioned they decided to return to Spaulding's auto station on the following day. They directly and positively testified that they did return at about 7:30 P. M. on February 1st, and asked for oil or gasoline; that Lant went to the lavatory, and returned to the car, whereupon Pefley alighted and proceeded to the outhouse in question; that appellant soon followed, and was in the act of committing the offense with which he was charged in the information when Lant appeared upon the scene, and the defendant was arrested. It appears that Spaulding violently resisted the witnesses, that he fought, bit,

and kicked them, and attempted to escape; that the witnesses struck him with an automatic pistol, tripped him, and one of the men held him down while the other held off several persons who collected in response to loud cries of the defendant for "Bryan," who later proved to be his son; and that Spaulding then protested that he was being robbed. During the struggle parts of the lattice-work about the toilet were torn loose, and the ground was deeply marked by the shoes of the three men. Lant testified that while at the supply station he saw two other automobiles, one of which drove away.

Pefley and Lant were corroborated in all respects except as to the improper solicitations and the commission of the criminal act charged. Other witnesses testified as to the appearance of the other two machines, the struggle in the rear of the premises, and the loosening of the lattice-work; one of the defendant's own witnesses testified that Spaulding bore evidences of the fight, although another of his witnesses swore that the defendant did not leave the counter in his store, except to sell the oil for Lant's car; still other witnesses testified to the footprints, and that "the ground had been scuffed up as though there had been a scuffle from that point to the west end of this lattice-work, inside of the lattice-work, and then south entirely outside of the lattice-work," as described by Pefley and Lant. The defendant took the stand and denied any wrongdoing. He appears to have made the assertion that he had been robbed of about thirty dollars, but it was testified that when first apprehended he made no mention of money.

[1] The prosecuting witnesses emphatically stated under oath that their participation in the transaction was for the sole purpose of detecting the defendant in the commission of a criminal act which they had reason to believe he would commit. It is well established that merely engaging in a scheme for the purpose of detecting, exposing, and punishing crime does not constitute one an accomplice whose testimony requires corroboration. (*People* v. *Keseling*, 35 Cal. App. 501 [170 Pac. 627]; *People* v. *Bolanger*, 71 Cal. 17 [11 Pac. 799].) [2] Certain of the testimony amply justifies the conclusion that if Pefley and Lant were accomplices at all they were feigned ones only, and hence their testimony need not have been corroborated. (*People* v. *Kesel-*

*ing, supra; People* v. *Farrell,* 30 Cal. 316.) **[3]** Where, as here, the evidence is conflicting, the question as to whether or not the witnesses were accomplices is one for the jury, and having been determined by them in the negative, their verdict is conclusive. (*People* v. *Demera,* 64 Cal. App. 121 [220 Pac. 673].) The jury were instructed upon the rules as to reasonable doubt, conflicting evidence, and the testimony of accomplices, and as they found the defendant guilty as charged, we must accept as true the evidence offered by the People in this respect.

We do not deem it necessary nor expedient to discuss at length the remaining ground assigned for reversal, since there is nowhere in the record any evidence tending to show that the defendant was induced to commit the offense. There is strong, positive evidence to the contrary, as we have indicated, and the defendant as positively insisted that no offense was committed. Authorities cited by appellant to this proposition are therefore not in point.

No error appearing, the judgment is affirmed.

Works, P. J., and Thompson, J., concurred.