[Crim. No. 3760.   Second Dist., Div. Two.   Feb. 10, 1944.]

THE PEOPLE, Respondent, v. NOEL H. HICKS, Appellant.

Joseph L. Fainer and Russell E. Parsons for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of asking and receiving a bribe, after trial before the court without a jury, defendant appeals. There is also an appeal from the order denying the motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent) and pursuant to the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 265, 269 [108 P.2d 732], the essential facts are:

Mr. J. A. McDonald testified that on January 14, 1943, defendant, a police officer, and Officer Antunez went to a service station operated by J. A. McDonald at 3709 Whittier Boulevard, County of Los Angeles. Defendant told Mr. McDonald they had a report he was "booking" at the station. This Mr. McDonald denied. Whereupon defendant said, "We have a report that you are booking here and I am warning you." The officers then left the service station. The following day about 3 p.m., defendant again entered the service station and told Mr. McDonald, "Well, still got a report on this place." Mr. McDonald replied, "Well, you evidently have the wrong place."

Sometime after this second meeting, defendant called Mr. McDonald on the telephone and said, "Watch your step, Central Vice will be out to pay you a visit."

About the 28th of January, 1943, Mr. McDonald was arrested by Officers Ginder and Tripp and was charged with bookmaking. His arraignment was set for February 17, 1943. Before noon on February 3, 1943, defendant again went to Mr. McDonald's service station and said to him, "Well, I warned you." Defendant then said, "I have been detailed for the last two weeks at San Pedro. I am back in this territory, in this division, permanently now and things will be

different. My skipper wants to know who your boss is. We want to line this place up. We want to know who you are working for; I'd like to contact your boss." Defendant then told Mr. McDonald he wanted to be taken care of and that fifty dollars would be just about right. Mr. McDonald told him to return at "high noon" and he would put him in touch with the boss. Defendant returned at the time indicated and Mr. McDonald told him he was unable to contact the boss, but would make a definite appointment for 12 o'clock the next day. Mr. McDonald then contacted Lieutenant Johnston (defendant's superior officer) and Officer Ginder and received from them five $5.00 bills. The officers retained a written notation of the serial number of each of the bills.

At noon on February 4, 1943, defendant returned to the service station and Mr. McDonald handed to defendant the currency he had received from Officers Johnston and Ginder, saying to defendant, "The boss was in a hurry and couldn't wait, and asked me to give you this money and asked for your card so he could contact you later."

Other witnesses testified that after receiving the twenty-five dollars defendant returned to the police car which he had left parked in a near-by alley. He entered the car and drove twenty or thirty feet when he was stopped by Officers Johnston, Murdock and Ginder. Officer Faxon, who was also present, asked defendant if he had received anything from the service station at 3709 Whittier Boulevard. Defendant replied that he had received twenty-five dollars and handed the bills to Officer Faxon. The bills were the same ones the police officers had previously delivered to Mr. McDonald. Defendant stated to the officers that he had won the money on a horse-racing wager which he had placed through Mr. McDonald.

Defendant relies for reversal of the judgment on the proposition *that the evidence is insufficient to support the judgment in that (a) witness McDonald was an accomplice of defendant and his testimony was not corroborated pursuant to the provisions of section 1111 of the Penal Code, (b) the testimony of witness McDonald was inherently improbable, and (c) the corpus delicti was not proven.*

This proposition is untenable.

■ (a) From the evidence, the trial court was justified in impliedly finding that Mr. McDonald was not an accom-

plice of defendant, but merely feigned complicity in the commission of the crime for the purpose of detecting the perpetrator of a crime. The law is established that one who feigns complicity in the commission of a crime for the purpose of detecting and prosecuting the perpetrator thereof is not an accomplice and his testimony need not be corroborated pursuant to the provisions of section 1111 of the Penal Code. (*People* v. *Buyle*, 20 Cal.App.2d 650, 652 [68 P.2d 268]; *People* v. *Fitzgerald*, 14 Cal.App.2d 180, 199 [58 P.2d 718].) Because Mr. McDonald was not an accomplice of defendant it was unnecessary that his testimony be corroborated in accordance with the requirements of section 1111 of the Penal Code.

(b) It is obvious that the testimony of witness McDonald as set forth above was not inherently improbable and therefore it was sufficient to sustain the findings of the trial court that defendant was guilty of asking for, and receiving a bribe.

(c) Since it was unnecessary that witness McDonald's testimony be corroborated, such testimony, which was believed by the trial judge, constituted substantial proof of the corpus delicti.

For the foregoing reasons the judgment and order are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 8, 1944. Carter, J., and Schauer, J., voted for a hearing.