[Crim. No. 2892.   First Dist., Div. Two.   July 14, 1953.]

THE PEOPLE, Respondent, v. WILLIAM B. BENNETT, Appellant.

Ernest Spagnoli and John W. Bussey for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Charles E. McClung, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The defendant was tried to a jury on five indictments charging 13 separate offenses, and a prior conviction of a felony. He admitted the prior conviction and went to the jury with a general denial of all the other charges. He insisted upon conducting his own defense and refused the offer of the trial court to assign counsel to aid him. After 10 days of trial the defendant was found guilty of six of the 13 offenses charged in the indictment, i.e., burglary, rape, violation of section 288a of the Penal Code, assault with intent to commit rape, and assault with a deadly weapon. He was acquitted on the charges of robbery. The jury disagreed on the fourth and fifth indictments—presumably because of the insufficiency of the identification by the two alleged victims named therein. The appeal is taken from the several judgments and from the orders denying a new trial.

We will consider the grounds of appeal in the order made by appellant. But primarily we should state that there is no contention that the evidence was insufficient to support the several verdicts.

**First.** There was no error in the consolidation of the five indictments for purposes of trial. The offenses of which defendant was convicted were all of the same pattern and were all committed in the same manner. They were all properly consolidated under section 954, Penal Code. The unrelated charges of robbery were not found and their joinder was not prejudicial. However, defendant made no objection to the consolidation and the point cannot be raised for the first time on appeal. (*People* v. *Chessman,* 38 Cal.2d 166, 175 [238 P.2d 1001] ; *People* v. *Van De Wouwer,* 91 Cal. App.2d 633, 640 [205 P.2d 693].)

**Second.** That the trial court erred in denying defendant more than 10 peremptory challenges since some of the counts included a charge of robbery. The point is not clearly presented. The record discloses that preliminarily defendant demanded 50 peremptory challenges—10 for each count in the indictment. This was denied, and properly so. Now he argues that he was entitled to 20 because of the robbery charge. But he exercised only 8 challenges on the whole case and announced his satisfaction with the jury as drawn. He may not complain on appeal. (*People* v. *Bugg,* 79 Cal.App.2d 174, 176 [179 P.2d 346] and cases there cited.)

**Third.** Error is assigned to the admission of testimony of the several victims of the attacks disclosing their identification of the defendant at line-ups of prisoners in the city jail. This is a common complaint which is not here supported by any authority. The argument that the testimony of these witnesses was hearsay falls because no objection was made. But it was admissible to supplement the testimony of the same witnesses identifying the defendant by his facial appearance, his voice, and articles of clothing worn by him. See *People* v. *Slobodion,* 31 Cal.2d 555, 559, 560 [191 P.2d 1] ; and Volume 4, Wigmore, Evidence, section 1130.

**Fourth.** This is the all too common charge of misconduct on the part of the trial court. The main complaint is the denial of defendant's numerous requests for continuances to enable him to procure witnesses—mainly to prove his defense of alibi. The court had given him four months' delay. Subpoenas had been issued and served; three witnesses had been brought in from the state penitentiary and one from the

county jail; the one missing was a woman who he had hoped would testify to their cohabitation during the periods charged in the indictment. The sheriff returned the subpoena with the report that she was well past 80 years of age and could not be found. Criticisms of rulings on the admission of evidence are trivial. We find there was no prejudicial misconduct.

■ *Fifth.* We do not need to discuss the trivial charges of misconduct by the district attorney. No objection was made to any of them and no request was made for an instruction. The point is not now available. (*People* v. *Codina,* 30 Cal.2d 356, 362 [181 P.2d 881].)

■ *Sixth.* Insufficiency of the evidence to establish a violation of section 288a, Penal Code. The argument is based wholly on the assertion that penetration was not shown. It was not necessary. (*People* v. *Coleman,* 53 Cal.App.2d 18 [127 P.2d 309].)

■ *Seventh.* Complaint is made that the trial court omitted "reasonable doubt" and "moral certainty" in one of the instructions. These were fully covered in other instructions given. Penal Code sections 1096 and 1096a were adequately covered.

There is no reversible error in the record. The defendant was fairly tried and convicted. He was accorded every reasonable opportunity to present his defense and the grounds raised on appeal are all insubstantial.

Judgments and orders affirmed.

Dooling, J., and McComb, J.,* concurred.

*Assigned by Chairman of Judicial Council.