[Crim. No. 4230. Fourth Dist., Div. One. Jan. 18, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
DOROTHY JEAN BROCKLEHURST, Defendant and Appellant.

474

## Counsel

Michael S. Goodman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, Hyman J. Lee, Jr., and Alexander B. McDonald, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHELAN, J.**—Dorothy Jean Brocklehurst (defendant) appeals from an order granting her probation following a verdict finding her guilty of a violation of Penal Code section 288a.

The conduct which was the basis of the conviction was engaged in within premises occupied by defendant as a massage parlor. To those premises Larry Taylor (Taylor), a San Diego police officer in mufti, repaired on March 14, 1969, at about 11:30 a.m., for which time he had made an appointment for a massage, after having been told by his lieutenant that if he did so and mentioned the name Frank Vernon he would be orally copulated for an additional $5.00.

Taylor was accompanied by another officer, Richard Davis (Davis) as far as the outer door. Davis remained outside while Taylor entered, met defendant, said he was Larry and had an 11:30 appointment. Later, after defendant had told Taylor to undress, he told her he was supposed to say Frank Vernon had sent him.

There were two other women in the outer rooms of the establishment. Taylor, nude except for a towel over his midsection, was in an inner room, later entered by defendant, who told him to remove the towel and get onto a table, which he did. After manipulating his body and limbs defendant engaged in the conduct upon which her conviction was based, and which was interrupted and not resumed when Taylor said, "Wait a minute, Dotty. How much is this going to cost me?" After a short exchange of conversation, Taylor produced his police identification and placed defendant under arrest.

After Taylor and defendant left the premises and were joined by Davis, defendant made certain statements which were not sufficient to corroborate the testimony of Taylor if that testimony required corroboration under Penal Code section 1111.

Defendant, among other contentions, claims that if the crime was committed, Taylor was an accomplice whose uncorroborated testimony is not sufficient to convict. Because we hold that is so, we do not state or deal with her other contentions.

It is claimed by the Attorney General that, since Taylor's purpose was to obtain evidence upon which to convict defendant, he was a feigned accomplice as that phrase is known in the reported decisions.

Penal Code section 1111 defines an accomplice as "one who is liable to prosecution for the identical offense charged against the defendant on trial."

■ Penal Code section 288a declares both participants to be equally guilty. It provides in part: "Any person participating in an act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison. . . ."

A violation of that section is not a crime requiring a specific intent. To render a person guilty of crime it is not essential to a conviction that the proof should show such person to have entertained any intent to violate the law. (Pen. Code, § 7; *People* v. *O'Brien,* 96 Cal. 171 [31 P. 45].) It is sufficient that he intentionally committed the forbidden act. (*People* v. *Dillon,* 199 Cal. 1, 17 [248 P. 230]; *People* v. *Gory,* 28 Cal.2d 450, 453 [170 P.2d 433]; *People* v. *Reznick,* 75 Cal.App.2d 832, 838 [171 P.2d 952].)

Taylor, up to the point where defendant was interrupted by his remark, permitted whatever was being done. The crime charged against defendant requires the participation of at least two persons, whether both find a part in it voluntarily or one submits involuntarily.

■ Taylor was not acting under any kind of compulsion; his participation was voluntary.

In *People* v. *McRae,* 31 Cal.2d 184, 186 [187 P.2d 741], a case involving a violation of Penal Code section 288a, the court said: "Since his testimony shows that he knew that the act was wrongful and that he willingly participated therein, it follows that he was an accomplice. (*People* v. *Robbins,* 171 Cal. 466, 472 . . . ; *People* v. *Tenner,* 67 Cal.App.2d 360, 363 . . . ; *People* v. *Reynolds,* 26 Cal.App.2d 219, 221 . . . ; *People* v. *Casey,* 79 Cal.App. 295, 300 . . . ; see *People* v. *McCollum,* 214 Cal. 601, 602. . . .)"

The People rely on a line of cases holding that the testimony of a feigned accomplice need not be corroborated. Among those cases, and the only one dealing with a violation of Penal Code section 288a, is *People* v. *Spaulding,* 81 Cal.App. 615 [254 P. 614]. In that case the defendant commenced to copulate orally a deputy sheriff who had entered the restroom of a service station operated by the defendant. The deputy suspected that defendant would do such a thing, and after defendant had followed the deputy into the restroom a second deputy named Lant entered the restroom and found defendant in the act. The question whether the deputies were accomplices was submitted to the jury as a question of fact. Certainly it was a question of fact so far as Lant was concerned. Since he was found by the jury not to be an accomplice, the question of the first deputy's complicity became moot.[1]

---

[1]Cases dealing with the subject of feigned accomplices are collected in 119 A.L.R. 689.

The learned author of Wigmore on Evidence states: "The case of a *pretended confederate*, who as detective, spy, or decoy, associates with the wrongdoers in order to obtain evidence, is distinct from that of an accomplice, although the distinction may sometimes be difficult of application. . . . The line should perhaps be drawn in this way: When the witness has made himself an agent for the prosecution before associating with the wrongdoers or before the actual perpetration of the offence, he is not an accomplice; but he may be, if he extends no aid to the prosecution until after the offence is committed. A mere detective or decoy or paid informer is therefore not an accomplice. . . ." (7 Wigmore, Evidence (3d ed.) § 2060, pp. 339-340.)

Many of the feigned accomplice cases involve a witness who has purchased contraband from the defendant. Either because possession of the contraband is generally a separately defined crime, or because a purchaser is not an aider and abettor in a proscribed sale (see *People* v. *Francis,* 71 Cal.2d 66 [75 Cal.Rptr. 199, 450 P.2d 591]), the purchaser is not liable to prosecution for such sale. (Cf. 7 Wigmore, Evidence (3d ed.) p. 340, fn. 16.)

In evident appreciation of the problem, the Legislature has provided that as to certain crimes specific immunity from prosecution is given to law enforcement officers and those working under their immediate direction or supervision. (Health & Saf. Code, § 11710; *People* v. *Nunn,* 46 Cal.2d 460, 470 [296 P.2d 813] (cert. den. 352 U.S. 883 [1 L.Ed.2d 82, 77 S.Ct. 126]; rehg. den. 352 U.S. 945 [1 L.Ed.2d 240, 77 S.Ct. 260]).)[2]

Many cases deal with such crimes as conspiracy, burglary, or robbery, all of which require a specific intent.

In *People* v. *Hensling,* 205 Cal.App.2d 34, 40 [22 Cal.Rptr. 702], which dealt with a conspiracy to commit the crime of bookmaking, the rule with regard to feigned accomplices is stated thus: "[A] feigned participant is not an accomplice since his purpose in feigning complicity in the commission of a crime is to detect and prosecute the perpetrators thereof, and . . . his testimony need not be corroborated. (*People* v. *Piascik,* 159 Cal. App.2d 622, 627 . . . ; *People* v. *Griffin,* 98 Cal.App.2d 1, 22 . . . ;

---

[2]Specific exemption from compliance with certain portions of the Vehicle Code is granted to drivers of emergency vehicles under prescribed conditions (Veh. Code, § 21055). The exemption does not extend to the section proscribing contests of speed (Veh. Code, § 23109). A peace officer engaging in such a contest with a driver whom he suspected of habitually engaging in such contests, for the purpose of catching such driver in the act, would be in much the same position as Taylor.

*People* v. *Grijalva,* 48 Cal.App.2d 690, 695 . . . ; *People* v. *Hicks,* 62 Cal.App.2d 859, 861. . . .)"

■ In such specific intent cases a police officer's testimony, if believed, that he did not have the required intent, but feigned participation in order to obtain evidence against the others, would exonerate him from being an accomplice.

■ In general it is a question of fact whether a witness is a feigned accomplice. (*People* v. *Jones,* 228 Cal.App.2d 74 [39 Cal.Rptr. 302].)

However, this court said, in *People* v. *Piascik,* 159 Cal.App.2d 622, 627-628 [323 P.2d 1032], involving a crime requiring a specific intent: "The claim that the evidence showed Briggs to be an accomplice or that it was a question of fact to be determined by the jury was not sufficiently established so as to prevent the trial judge from giving the instruction complained of, i.e., that Briggs was not an accomplice. Even assuming he was, there was other competent evidence corroborating his testimony. No prejudicial error appears."

Since in *Piascik* there was sufficient corroboration as a matter of law, the question of complicity was moot.

Whether a witness is an accomplice is a question of law for the trial judge when the conduct of the witness in relation to the defendant is defined as an offense distinct from that with which the defendant is charged. (*People* v. *Clapp,* 24 Cal.2d 835, 839 [151 P.2d 237].)

A witness may be held an accomplice as a matter of law. (*People* v. *McRae, supra,* 31 Cal.2d 184.)

Where the conduct of the witness with relation to the defendant is not denounced as a crime, it was held that the witness was not an accomplice in *People* v. *Keseling,* 35 Cal.App. 501, 504 [170 P. 627], a case often cited, in which the defendant was convicted of practicing dentistry without a license. The evidence presented was the testimony of two persons employed by the state to seek and obtain treatment from defendant. In dealing with the claim they were accomplices, the court said: "The participation by the two witnesses in question in the dental practice of the defendant, one as the subject of treatment and the other paying for the same, was not by the law denounced as a crime. . . ."

In certain crimes involving sexual immorality, such as acts of prostitution, guilt is placed upon only one person. Such a case was *People* v. *Swift,* 161 Misc. 851 [293 N.Y.S. 378] affd. 251 App.Div. 808 [298 N.Y.S. 188] affd. 277 N.Y. 618 [14 N.E.2d 190], where the defendant was convicted of keep-

ing a disorderly house. A police officer who testified he had made several visits to the house to obtain evidence of guilt and had had the paid services of prostitutes therein was held not to be an accomplice although two of the women inmates who testified were concededly accomplices.

The inherent problem may have been realized by the prosecuting authorities in *State* v. *Verganadis*, 50 Nev. 1 [248 P. 900, 903], where the defendant was charged only with an attempt to commit the infamous crime against nature and convicted on the uncorroborated testimony of an 18-year-old boy who was acting in cooperation with the police. In dealing with the claim that the boy was an accomplice as a matter of law, the court said: "The witness acted throughout under the instructions of officers, which were to do nothing further than to afford appellant an opportunity to make the attempt to commit the crime. It is true as stated by appellant's counsel that the witness actually participated in the attempt, but this does not make him an accomplice under the facts of this case for the reason that there was no criminal intent on his part to commit the infamous crime against nature. The intent must be to commit some one of the substantive crimes mentioned in the statute. Section 6291 of the Revised Laws, *supra*. As said in *State* v. *Thompson*, 31 Nev. 216 [101 P. 559]:

" 'In an attempt to commit a crime, three elements are involved: First, the intent to commit the crime. Second, performance of some act towards its commission. Third, failure to consummate its commission.' "[3]

In the situation with which we are presented, the specific act with which defendant is charged could not be accomplished without Taylor and defendant in conjunction. While Taylor suspected defendant probably had participated in other such acts, the evidence here obtained is not evidence that on any other specific occasion she had done so. Its net worth in that regard is merely to show that she is such a person as would do so.

 In the absence of a statute granting immunity, a person of competent age who voluntarily participates in an act which without his participation could not be accomplished, which can be committed only by two

---

[3]As to the elements of the crime of attempt, see *In re Smith*, 3 Cal.3d 192, 200 [90 Cal.Rptr. 1, 474 P.2d 969]. It has not been argued that the conduct of defendant here was only an attempt to commit the crime charged. Despite *People* v. *Coleman*, 53 Cal.App.2d 18 [127 P.2d 309]; *People* v. *Hickok*, 96 Cal.App.2d 621 [216 P.2d 140]; *People* v. *Harris*, 108 Cal.App.2d 84 [238 P.2d 158]; *People* v. *Bennett*, 119 Cal.App.2d 224 [259 P.2d 476]; *People* v. *Cline*, 2 Cal.App.3d 989 [83 Cal.Rptr. 246]; and *People* v. *Angier*, 44 Cal.App.2d 417 [112 P.2d 659], it is at least arguable that defendant was engaged in an attempt to commit the act when she was interrupted by Taylor who did not intend to participate in a violation of Penal Code section 288a. Had defendant been charged only with an attempt, Taylor's non-accomplice status could have been established as a matter of fact.

persons, which is denounced as a crime by a law that declares both participants to be equally guilty without requiring specific intent, is as to that particular act an accomplice.

If the crime of which defendant was convicted was in fact accomplished, Taylor was an accomplice.

The order deemed a judgment for the purposes of appeal is reversed.

Brown (Gerald), P. J., concurred.

**AULT, J.**—I concur.

I believe the judgment should be reversed and to that extent concur in the majority opinion. However, I disagree with the conclusion reached in the opinion that Officer Taylor, because of his conceded participation in the act prohibited by Penal Code section 288a, became an accomplice as a matter of law. I also disagree with the broader apparent holding the so-called feigned accomplice rule has no applicability to common law general intent crimes.

The question of whether Officer Taylor was a real or feigned accomplice was never considered in the trial court. It should have been. And the failure of the trial court to instruct the jury on the law of accomplices constitutes reversible error. (*People* v. *Jones,* 228 Cal.App.2d 74, 94-95 [39 Cal. Rptr. 302]; *People* v. *Featherstone,* 67 Cal.App.2d 793, 796-797 [155 P.2d 685].)

When the question of an accomplice arises in a trial, the proper procedures to be followed under varying circumstances are outlined in *People* v. *Jones, supra,* 228 Cal.App.2d 74, where at pages 94 and 95 the court stated: "Whether a witness for the prosecution is or is not an accomplice may be a question of law or fact. Where the facts with respect to the participation of a witness in the crime for which the accused is on trial are clear and not disputed, it is for the court to determine whether he is an accomplice; but where, although there is evidence tending to connect the witness with the crime, the facts are disputed or susceptible of different inferences, the question of complicity should be submitted to the jury. [Citations.] Where such witness is an accomplice as a matter of law, the court should so charge, and an instruction defining an accomplice is not necessary. Conversely, where, as a matter of law, the witness is not an accomplice, the court does not err in refusing to charge that he is or in refusing to submit the issue to the jury. But where it is for the jury to determine whether or not the witness is an accomplice, the court should so charge, and should instruct as to what constitutes an accomplice. [Citation]."

The act denounced by Penal Code section 288a is a general intent crime; a specific intent is not a necessary element of the offense. (*People* v. *Avanzi,* 25 Cal.App.2d 301, 302 [77 P.2d 237].) When intent is not made an affirmative element of the crime charged, the law imputes a criminal intent to one who intentionally commits the forbidden act. (*People* v. *McCalla,* 63 Cal.App. 783, 794 [220 P. 436]; *People* v. *Peak,* 66 Cal.App.2d 894, 902 [153 P.2d 464].) But the so-called "presumed intent" which arises under these circumstances is not a true presumption; it is merely an inference of fact to be drawn by the jury.

"Where the offense is one which requires a general criminal intent, but not a specific intent, a guilty intention may sometimes be inferred from the act, but this in principle is an inference of fact to be drawn by the jury, and not an implication of law to be applied by the court. And the inference may be removed by the attending circumstances." (21 Am.Jur.2d, Criminal Law, § 81, p. 163; see also Perkins, Criminal Law, p. 659.)

It is the factual inference of guilty intent, sufficient when combined with admitted participation in the denounced act to establish guilt, which requires a distinction to be drawn in accomplice rules as between general intent and specific intent crimes. Where, as here, a police officer participates in a general intent crime for the alleged purpose of detecting and prosecuting a criminal, the determination of whether he is an accomplice, whose testimony must be corroborated, or a feigned accomplice, whose testimony need not be corroborated, is necessarily a question of fact. This follows from the conflict in the evidence between the factual inference of guilty intent, arising from his admitted participation in the act, and his testimony he did so for detection purposes only.

As already indicated, the inference of criminal intent which arises from participation in an act which constitutes a general intent crime may be dispelled by the attending circumstances. The person participating may be so young the law will not permit the inference of guilty intent to be drawn. Under certain circumstances, a reasonable mistake of fact, or the fact the act was coerced, is sufficient to remove the inference of guilty intent. While voluntary intoxication is not sufficient, under proper circumstances, involuntary intoxication or narcosis will be. (See Perkins, Criminal Law, *supra,* pp. 654-655.) If feigned police participation is sufficient in law to negative specific intent where specific intent is an essential element of a crime, it also ought to be sufficiently exculpatory to dispel the inference of criminal intent which ordinarily arises from participation in a general intent crime. I see no compelling reason to hold evidence a police officer participated in a general intent crime for the sole purpose of detecting, exposing and punishing crime, if believed by the trier of fact, is insufficient to remove the

inference of guilty intent. No authority has been cited, and we have found none, which holds to the contrary.

Furthermore, I do not believe the case of *People* v. *Spaulding,* 81 Cal. App. 615 [254 P. 614], referred to in the majority opinion, can be properly distinguished from the instant case. Like this case, *Spaulding* involved a prosecution for violation of Penal Code section 288a. While only one of the two deputy sheriffs who testified participated in the illegal act, both were involved. The second sheriff aided and abetted in bringing about the act which the defendant performed on the first sheriff. In so doing, he became a principal in any crime committed by the first sheriff. (Pen. Code, § 31.) If the first sheriff was an accomplice, the second was a co-accomplice whose testimony could not supply corroboration. (*People* v. *Goldstein,* 146 Cal. App.2d 268, 272 [303 P.2d 892]; *People* v. *Clapp,* 24 Cal.2d 835, 837 [151 P.2d 237].) Certainly the court in *Spaulding* considered and treated both witnesses as participants, both as potential accomplices, and neither as an independent witness. Beginning at page 617, the court stated: "The prosecuting witnesses emphatically stated under oath that their participation in the transaction was for the sole purpose of detecting the defendant in the commission of a criminal act which they had reason to believe he would commit. It is well established that merely engaging in a scheme for the purpose of detecting, exposing, and punishing crime does not constitute one an accomplice whose testimony requires corroboration. [Citations.] Certain of the testimony amply justifies the conclusion that if Pefley and Lant were accomplices at all they were feigned ones only, and hence their testimony need not have been corroborated. [Citations.] Where, as here, the evidence is conflicting, the question as to whether or not the witnesses were accomplices is one for the jury, and having been determined by them in the negative, their verdict is conclusive. [Citation.]" (*People* v. *Spaulding,* 81 Cal.App. 615, 617-618 [254 P. 614].)

The *Spaulding* case is direct authority for the proposition a police officer, who participates in a violation of Penal Code section 288a for the purpose of detecting the defendant in the commission of a criminal act, need not be an accomplice as a matter of law. It is also a case in which the accomplice issue was submitted to the jury for determination.

Implied in the second to last sentence of the majority opinion is the thought the defendant may not have actually performed the act condemned by the statute before she was interrupted by Officer Taylor. Ordinarily, such a question should not be permitted to hang in mid-air. However, insofar as the record before us indicates, this contention was not raised in the trial court, and it has not been advanced on appeal. Consequently, neither the defendant nor the Attorney General has presented

argument or authority on the subject. For this reason, and because the case must be reversed in any event, it is not appropriate to discuss the question further. I would reverse the judgment for the sole reason the trial court failed to submit to the jury, under proper instructions, the issue of whether Officer Taylor was an accomplice or a feigned accomplice.

A petition for a rehearing was denied February 4, 1971, and respondent's petition for a hearing by the Supreme Court was denied March 16, 1971. McComb, J., and Burke, J., were of the opinion that the petition should be granted.