Filed 2/17/16

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C079049 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F5489) |
| v. | |
| OSMAN GERARDO ZARATECASTILLO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Shasta County, Cara Beatty, Judge. Affirmed in part and reversed in part.

Randy S. Kravis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Catherine Chatman and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of parts I and II of the Discussion.

1

Convicted of 11 sexual offenses committed against his cousin's daughter when she was seven years old, defendant Osman Gerardo ZarateCastillo appeals, contending: (1) there was insufficient evidence to support his conviction of committing a lewd or lascivious act by touching the victim's chest over her clothing a second time; (2) the trial court abused its discretion and violated his right to due process in admitting evidence of prior sexual offenses he committed against the victim's older half sister; and (3) the trial court erred in instructing the jury that the crimes of sexual penetration of a child 10 years or younger and forcible sexual penetration are general intent crimes.

We accept the People's concession that there was insufficient evidence to support a second conviction of committing a lewd or lascivious act based on defendant touching the victim's chest over her clothing, but we find no abuse of discretion in the admission of the prior offenses evidence, and while we agree the trial court erred in instructing the jury that the crimes of sexual penetration of a child 10 years or younger and forcible sexual penetration are general intent crimes, we find that error was harmless beyond a reasonable doubt. Accordingly, we will reverse defendant's conviction on the second count of committing a lewd or lascivious act by touching the victim's chest over her clothing, modify his sentence to reflect that reversal, and affirm the remainder of the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

The victim was born in 1999 and was 15 years old at the time of trial. When the victim was seven years old, she lived in a house in Anderson with her mother; her father; her father's cousin, defendant (to whom the victim referred as her uncle); and her half sister, who was seven years older than the victim.[1] During the time that defendant lived with the victim's family, he touched her a couple of times on her vagina. The first time it

---

[1] The victim's half sister was the daughter of the victim's mother and a previous husband.

2

happened, the victim was alone in the house watching a movie in the living room, when defendant came in, sat down next to her, and touched her on her vagina over her clothing. The victim moved to her left, thinking defendant was going to leave her alone, but then he touched her under her clothing, so she got up and went to her room.

After this first incident, defendant touched the victim on her vagina over her clothing at least twice more and touched her on her vagina under her clothing more than twice. On more than one occasion, defendant put his fingers inside the victim's vagina. The touching always happened while the victim was alone in the house watching a movie or television in the living room.

At trial, the victim did not remember if defendant touched her any other places on her body. Anderson Police Detective David Price testified, however, that he interviewed the victim in June 2014 and she told him defendant touched her chest as well, both over and under her clothing. Detective Price also testified that the victim told him that when she would try to move away from defendant, who was sitting next to her, he would grab her arm and keep her on the couch.

Defendant was ultimately charged with 11 offenses -- two counts of sexual penetration of a child 10 years and under (Pen. Code, § 288.7, subd. (b)), one count of forcible sexual penetration (Pen. Code, § 289, subd. (a)(1)(A)), and eight counts of committing a lewd or lascivious act with a child under 14 years (Pen. Code, § 288, subd (a)).[2]

Before trial, the prosecution filed a written motion seeking to admit evidence that defendant had committed sexual offenses against the victim's half sister when the half sister was essentially the same age as the victim at the time of defendant's offenses

---

[2] The eight lewd act charges were based on defendant touching the victim's vagina over her clothing twice and under her clothing twice and touching the victim's chest over her clothing twice and under her clothing twice.

3

against the victim. The prosecution contended the evidence was admissible under Evidence Code section 1108 to prove propensity and under Evidence Code section 1101, subdivision (b) to prove common design, scheme, plan, intent, and absence of mistake or accident.

Defendant opposed the motion, contending the incidents involving the victim's half sister were "too remote in time and place." The trial court concluded the proposed evidence was "more probative than prejudicial" and ruled that it was admissible under both Evidence Code provisions.

At trial, the victim's half sister testified that she lived in Mexico with her mother and the victim's father when her mother was pregnant with the victim. Defendant lived next door. When the victim's half sister was alone in her house watching television, defendant would start kissing her and sticking his tongue in her mouth. Also, when she sat on his lap, he would touch her inner thighs. On one occasion, defendant called the victim's half sister over to the house next door and offered to help take off her school uniform. When he told her that he wondered if she had any hairs and tried to take her dress off and look at her vagina, the victim's half sister "freaked out" and ran back to her house.

The jury found defendant guilty of all 11 charges. The trial court sentenced defendant to a determinate term of 20 years in prison and an indeterminate term of 30 years to life in prison. The determinate sentence included a two-year consecutive term for the lewd act charge based on defendant touching the victim's chest over her clothing a second time (count 3).

Defendant timely appealed.

## DISCUSSION

### I

### *Sufficiency Of The Evidence*

Defendant first asserts the evidence was insufficient to support his conviction of committing a lewd or lascivious act based on touching the victim's chest over her clothing a second time (count 3) because there was no evidence he engaged in that act more than once. The People concede this argument, and we agree with the concession.

Count 2 was based on defendant "[f]ondl[ing the victim's] chest over [her] clothing [the] first time," and count 3 was based on him "[f]ondl[ing her] chest over [her] clothing [the] last time." Meanwhile, counts 4 and 5 covered defendant fondling the victim's chest *under* her clothing the first and last times.

At trial, the victim testified about defendant touching her vagina on several occasions, but she did not remember if he touched her on other parts of her body. She did testify, however, that she remembered talking to Detective Price, that she remembered more when she did so, and that she told him the truth.

Detective Price testified that he interviewed the victim in June 2014. With respect to whether the victim told him about defendant touching her anywhere on her body other than her vagina, Detective Price said that she told him defendant touched her on her chest. The prosecutor then elicited the following testimony:

"Q. And did she tell you if this touching was done under or over her clothing on her top area or both?

"A. Both.

"Q. Did she describe the touching of her top area under her clothing to have happened more than once?

"A. Yes.

"Q. Did she describe the touching of her top area under her clothing to have happened more than once?

5

"A.    Yes."

As the People observe, the last two questions are exactly the same, and the answers to both of those questions establish only that defendant touched the victim's chest *under* her clothing more than once. The People concede that "[r]eview of the record does not demonstrate that the prosecutor [ever] asked Detective Price whether [the victim] described the touching of her top *over* her clothing to have happened more than once." (Italics added.) It may be that the prosecutor meant one of her questions to cover touching over the victim's clothing but misspoke, or it may be that the prosecutor did, in fact, ask about the touching over the victim's clothing but the court reporter did not record the question correctly. Whatever the case, however, it makes no difference for our purposes. On the record before us, there is no evidence that defendant touched the victim's chest over her clothing more than once. Accordingly, as defendant contends, the evidence is insufficient to support his conviction on count 3, and therefore we must reverse that conviction.

II

*Admission Of Evidence Of Prior Sexual Offenses*

Defendant contends the trial court abused its discretion and violated his right to due process when the court allowed the prosecution to introduce evidence of his prior sexual offenses against the victim's half sister. We disagree.

"In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." (Evid. Code, § 1108, subd. (a).) Here, defendant contends the trial court abused its discretion under Evidence Code section 352 in admitting the evidence of his offenses against the victim's half sister. According to defendant, "the probative value of the evidence . . . was outweighed by its prejudicial impact and risk of jury confusion." Not so.

6

Under Evidence Code section 352, "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." In determining the admissibility of evidence of prior sexual offenses under this provision, "trial judges must consider such factors as its nature, relevance, and possible remoteness, the degree of certainty of its commission and the likelihood of confusing, misleading, or distracting the jurors from their main inquiry, its similarity to the charged offense, its likely prejudicial impact on the jurors, the burden on the defendant in defending against the uncharged offense, and the availability of less prejudicial alternatives to its outright admission, such as admitting some but not all of the defendant's other sex offenses, or excluding irrelevant though inflammatory details surrounding the offense." (*People v. Falsetta* (1999) 21 Cal.4th 903, 917.) "On appeal, we review the admission of other acts or crimes evidence under Evidence Code section 1108 for an abuse of the trial court's discretion. [Citation.] The determination as to whether the probative value of such evidence is substantially outweighed by the possibility of undue consumption of time, unfair prejudice or misleading the jury is 'entrusted to the sound discretion of the trial judge who is in the best position to evaluate the evidence.' " (*People v. Miramontes* (2010) 189 Cal.App.4th 1085, 1097.) "We will not find that a court abuses its discretion in admitting such other sexual acts evidence unless its ruling ' "falls outside the bounds of reason." [Citation.]' [Citation.] We will only disturb a trial court's ruling under Evidence Code section 352 where the court has exercised its discretion in a manner that has resulted in a miscarriage of justice." (*Miramontes*, at p. 1098.)

We find no abuse of discretion here. The similarities between the offenses involving the victim and the offenses involving the victim's half sister were substantial. In each instance, defendant sexually molested a female family member around the age of seven while the victim was watching television alone in the family home. Moreover, the

7

trial court acted well within the bounds of reason in determining that the probative value of the evidence was not substantially outweighed by the possibility of unfair prejudice. Defendant admits that "the circumstances surrounding the incidents described by [the victim's half sister] were not any more egregious or inflammatory than those involving [the victim]." It is true the offenses against the victim's half sister did not result in criminal charges against defendant, which gives rise to the possibility that the jury might have been "tempted to convict him of the charged crime to punish him for the earlier crimes." (*People v. Loy* (2011) 52 Cal.4th 46, 61.) It is also true that the offenses against the victim's half sister were somewhat remote in time, having occurred approximately eight years before the offenses against the victim. But contrary to defendant's argument, the lapse in time between the two sets of offenses was not necessarily to his benefit, "given . . . that [he] was not incarcerated or otherwise incapable of continuing on with the sexual misconduct," absent evidence that defendant had the opportunity to molest other unsuspecting female relatives of a like age with whom he was home alone in the intervening years but did not do so. All told, the potential for unfair prejudice from the evidence of the offenses against the victim's half sister was not so great that the trial court was bound to exclude that evidence, given its probative value. Accordingly, we find no error in the trial court's admission of the evidence under Evidence Code section 1108.[3] For the same reason, we also conclude that admission of the evidence did not deprive defendant of his due process right to a fair trial.

### III

### *Jury Instructions*

Defendant contends the trial court erred when it instructed the jury that the crime of sexual penetration of a child 10 years or younger (counts 1 and 11) and the crime of

---

[3] Because the evidence was properly admitted under Evidence Code section 1108, we need not address its admissibility under Evidence Code section 1101, subdivision (b).

forcible sexual penetration (count 10) are general intent crimes.  We agree but conclude the error was harmless beyond a reasonable doubt.

The pertinent parts of the instructions the trial court gave were as follows:

"Certain crimes charged . . . require proof of a union or joint operation of act and wrongful intent.  The following crimes require general criminal intent:  Counts 1 and 11, engaging in sexual penetration with a child, 10 years of age or younger. . . .

"For you to find a person guilty of these crimes . . . , that person must not only commit the prohibited act, but must do so with wrongful intent.  A person acts with wrongful intent when he or she intentionally does a prohibited act on purpose.  However, it is not required that he or she intend to break the law.  The act required is explained in the instruction for that crime.

"The following crimes require a specific intent or mental state:  Committing a lewd or lascivious act on a child under the age of 14 years, as charged in Counts 2 through 9. . . ."

At this point, the court realized it had failed to include count 10, forcible sexual penetration, in either list of crimes.  After a brief pause, the court then instructed the jury that count 10, "genital penetration by a foreign object," was a general intent crime like counts 1 and 11.  The court then resumed instructing the jury on specific intent crimes as follows:

"For you to find a person guilty of these crimes . . . , that person must not only intentionally commit the prohibited act or intentionally fail to do the required act, but must do so with the specific intent and/or mental state.  The act and the specific intent or mental state required are explained in the instruction for that crime.  I will be instructing you as to all of those crimes in a moment."

After some other intervening instructions, the court instructed the jury on the individual offenses as follows:

9

"The Defendant is charged in Count[s] 1 and 11 with engaging in sexual penetration with a child 10 years of age or younger, in violation of Penal Code Section 228.7(b). To prove that the Defendant is guilty of this crime, the People must prove that: One, the Defendant engaged in an act of sexual penetration with [the victim]. . . .

"[¶] . . . [¶]

"Sexual penetration means penetration, however slight, of the genital or anal opening of the other person by any foreign object, substance, instrument, device or any unknown object *for the purpose of sexual abuse, arousal or gratification.* . . .

"[¶] . . . [¶]

"The Defendant is charged in Count 10 with genital penetration by a foreign object in violation of Penal Code Section 289(A). To prove that the Defendant is guilty of this crime, the People must prove that: One, the Defendant committed an act of sexual penetration with another person. . . .

"Sexual penetration means penetration, however slight, of the genital or anal opening of the other person *for the purpose of sexual abuse, arousal or gratification.* . . ." (Italics added.)

Under the foregoing instructions, the court first told the jury that the crime of sexual penetration of a child 10 years or younger (counts 1 and 11) and the crime of forcible sexual penetration (count 10) were general intent crimes, which meant defendant must have "intentionally d[one the] prohibited act on purpose." Further, by virtue of the omission of those crimes from the list of specific intent crimes, the court implicitly instructed the jury that those crimes did *not* require any additional, specific intent and/or mental state. Nevertheless, when the trial court instructed the jury on the elements of those crimes, the court told the jury that each of those crimes required "sexual penetration," which means "penetration . . . for the purpose of sexual abuse, arousal or gratification."

10

Defendant contends it was error for the trial court to include counts 1, 10, and 11 in the list of general intent crimes because of the requirement that the penetration must be committed for the purpose of sexual abuse, arousal or gratification. We agree. The crime of sexual penetration of a child 10 years or younger and the crime of forcible sexual penetration are both specific intent crimes because they require the act of penetration "to be done with the intent to gain sexual arousal or gratification or to inflict abuse on the victim." (*People v. McCoy* (2013) 215 Cal.App.4th 1510, 1541 [addressing forcible sexual penetration]; Pen. Code, § 289, subd. (l).)[4]

To the extent the People rely on *People v. Dillon* (2009) 174 Cal.App.4th 1367 for the proposition that the crime of forcible sexual penetration is a general intent crime, we disagree with *Dillon*. According to the court in *Dillon*, "forcible sexual penetration is a general intent crime" because "the mental state required to be found guilty of forcible sexual penetration is not the same as the specific intent to commit that crime." (*Id.* at p. 1380.) This statement construes the concept of "specific intent" too narrowly. As our Supreme Court has explained, "When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the

---

**4**    Both Penal Code section 288.7, subdivision (b) -- the statute that criminalizes sexual penetration of a child 10 years or younger -- and Penal Code section 289, subdivision (a)(1)(A) -- the statute that criminalizes forcible sexual penetration -- rely on the definition of "sexual penetration" that is found in subdivision (l) of section 289, which provides that " 'Sexual penetration' is the act of causing the penetration, however slight, of the genital or anal opening of any person or causing another person to so penetrate the defendant's or another person's genital or anal opening for the purpose of sexual arousal, gratification, or abuse by any foreign object, substance, instrument, or device, or by any unknown object."

11

crime is deemed to be one of specific intent." (*People v. Hood* (1969) 1 Cal.3d 444, 456-457.) Thus, "specific intent" is not, as the *Dillon* court suggested, limited to "the specific intent to commit th[e] crime" (*Dillon*, at p. 1380); rather, it also encompasses the intent "to do some further act or *achieve some additional consequence*" (*Hood*, at p. 457, italics added). To be found guilty of forcible sexual penetration, the defendant must have committed the act of penetration "with the intent to gain sexual arousal or gratification or to inflict abuse on the victim." (*People v. McCoy*, *supra*, 215 Cal.App.4th at p. 1541.) This intent qualifies as a "specific intent" within the meaning of *Hood*. Thus, contrary to the conclusion of the *Dillon* court, forcible sexual penetration is a specific intent crime, not a general intent crime. Of course, the same is true of sexual penetration of a child 10 years or younger, since the definition of "sexual penetration" is the same for both crimes.

Even so, the trial court's error here in informing the jury that the crime of sexual penetration of a child 10 years or younger (counts 1 and 11) and the crime of forcible sexual penetration (count 10) are general intent crimes was harmless beyond a reasonable doubt. As we have noted, despite erroneously describing those crimes as general intent crimes, the trial court went on to instruct the jury that to be guilty of each of those crimes, defendant must have committed the act of penetration for the purpose of sexual abuse, arousal, or gratification. Thus, the trial court actually instructed the jury on the specific intent required for those crimes, despite failing to classify the crimes as specific intent crimes earlier in its instructions. Moreover, there was nothing in the general intent/specific intent portion of the trial court's instructions that suggested to the jurors that they were *not* to follow the later portions of the instructions telling them the specific intent -- referred to in the instructions as "purpose" -- that was required to find sexual penetration. At most, the omission of these offenses from the list of specific intent crimes *implied* to the jury that those crimes did not require any additional, specific intent and/or mental state, but the later instructions specific to those crimes expressly described the "purpose" of the act of penetration required to commit the crimes, and there is simply

12

no reason to believe that the jury would have disregarded the explicit direction of the later instructions because of, at best, a mere implication arising from the earlier instructions. Nor is there any basis for believing that the jury could have, under any circumstances, rationally found that defendant penetrated the victim's vagina for any purpose *other* than sexual abuse, arousal, or gratification. Under these circumstances, the trial court's instructional error was harmless beyond a reasonable doubt.

## DISPOSITION

Defendant's conviction on count 3 (committing a lewd or lascivious act by fondling the victim's chest over her clothing the last time) is reversed, and defendant's sentence is modified by striking the two-year consecutive term for that offense. As modified, the remainder of the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.


/s/
Robie, J.



We concur:



/s/
Blease, Acting P. J.



/s/
Hoch, J.

13