DETJEN, J.
INTRODUCTION
Salvador Saavedra (defendant) stands convicted, following a jury trial, of committing forcible lewd acts on a child under age 14 ( Pen. Code, 1 § 288, subd. (b)(1); counts 1 & 2), sexual intercourse or sodomy with a child 10 years of age or younger (§ 288.7, subd. (a); count 3), oral copulation or sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b); counts 4 & 11), forcible sodomy (§ 286, subd. (c)(2); count 5), forcible rape (§ 261, subd. (a)(2); count 6), aggravated sexual assault of a child (sodomy; § 269, subd. (a)(3); counts 7-9), and forcible oral copulation of a child under age 14 (§ 288a, subd. (c)(2)(B); count 10). As to counts 1, 5, 6, *547 and 10, the jury found true a multiple victim allegation. (§ 667.61, subds. (a), (e)(4).) As to count 2, the jury found defendant personally used a firearm in commission of the offense. (§ 12022.53, subd. (b).) Defendant was sentenced to a total term of 18 years plus 180 years to life in prison, and ordered to pay various fees, fines, and assessments. *608 On appeal, defendant contends: (1) The evidence was insufficient to sustain his convictions on counts 1 and 11; (2) Trial counsel was ineffective for failing to object to admission of the complaining witnesses' out-of-court statements to a detective, and for requesting CALCRIM No. 207 ; (3) The giving of an instruction that consent is not a defense to duress (see People v. Soto (2011) 51 Cal.4th 229, 233, 119 Cal.Rptr.3d 775, 245 P.3d 410 ( Soto ); cf. People v. Cicero (1984) 157 Cal.App.3d 465, 484-485, 204 Cal.Rptr. 582 ( Cicero ), disapproved by Soto , supra , at p. 248 & fn. 12, 119 Cal.Rptr.3d 775, 245 P.3d 410 ) violated due process; (4) The trial court erroneously instructed that the offense charged in count 11 was a general intent crime; and (5) The abstract of judgment must be corrected. In the published portion of this opinion, we reject defendant's due process claim, and conclude he was not prejudiced by the erroneous intent instruction. In the unpublished portion, we agree the abstract of judgment must be corrected, but otherwise reject defendant's remaining contentions. We also conclude a remand to permit the trial court to determine whether to exercise its discretion to strike the firearm enhancement on count 2 is unwarranted. Accordingly, we affirm the judgment.
FACTS **
DISCUSSION
I-II***
III
PURPORTED ERRORS IN JURY INSTRUCTIONS
A. Consent as a Defense to Section 288, Subdivision (b)(1)
In Soto , supra , 51 Cal.4th at pages 233, 238, and 248, 119 Cal.Rptr.3d 775, 245 P.3d 410, the California Supreme Court held that consent of the victim is not a defense to the crime of aggravated lewd conduct on a child under age 14, as proscribed by section 288, subdivision (b)(1).[14] With respect to counts 1 and 2, the trial court here gave CALCRIM No. 1111 in pertinent part as follows:
*609 "The defendant is charged in Counts 1 and 2 with a lewd or lascivious act by force or by fear on a child under the age of 14, specifically [G.], in violation of Penal Code Section 288(b)(1). To prove that the defendant is guilty of this crime the People must prove that, one, the defendant willfully touched any part of a child's body either on the bare skin or through the clothing .... Two, in committing the act the defendant used force, violence, duress, menace or fear of unlawful immediate injury to the child or to someone else. Three, the defendant committed the act with the intent of arousing, appealing to or gratifying the lusts, passions or sexual desires of himself or the child. And four, the child was under the age of 14 at the time of the act. [¶] ... [¶]
*548 "The force used must be substantially different from or substantially greater than the force needed to accomplish the act itself.
"Duress means the use of direct or implied threat of force, violence, danger, hardship or retribution sufficient to cause a reasonable person to do or submit to something that he or she would not otherwise do or submit to. In deciding whether the act was accomplished by duress consider all the circumstances including the age of the child and her relationship to the defendant. [¶] ... [¶]
"It is not a defense that the child may have consented to the act ." (Italics added.)
Defendant contends it was error to give the emphasized portion of the instruction. He asserts that at the time he allegedly committed the lewd acts, the state of the law was such that consent indeed was a defense to the element of force or duress; the law did not change in this regard, and the defense of consent did not become unavailable, until 2011, when the California Supreme Court decided Soto . Defendant argues: "Since Soto had the effect of expanding criminal liability under ... section 288, subdivision (b) and since this expansion occurred after [defendant] committed the alleged crimes, the [emphasized] language in CALCRIM No. 1111 violated [defendant's] right to due process." Defendant implicitly concedes his conviction on count 2, with respect to which the jury found he personally used a firearm, was not affected, but he contends his conviction on count 1 must be reversed, because the question whether he used force to commit the charged act and whether G. consented to the act was a close one.
We conclude defendant's due process rights were not violated by the giving of the challenged portion of CALCRIM No. 1111. The jury was properly instructed-even with respect to aggravated lewd acts alleged to have occurred before Soto was decided-that the child's consent was not a defense.
*610 The due process clause "bars retroactive application of a judicial construction of a criminal statute that is unexpected and indefensible by reference to the law expressed before the conduct in issue." ( People v. Crew (2003) 31 Cal.4th 822, 853, 3 Cal.Rptr.3d 733, 74 P.3d 820 ; see Bouie v. City of Columbia (1964) 378 U.S. 347, 352-355, 84 S.Ct. 1697, 12 L.Ed.2d 894.) "[R]etroactive application turns on whether the change effects 'an unforeseeable judicial enlargement of a criminal statute' [citation] and whether defendant had 'fair warning that ... contemplated conduct constitutes a crime.' [Citation.]" ( People v. Martinez (1999) 20 Cal.4th 225, 239, 83 Cal.Rptr.2d 533, 973 P.2d 512.)
As support for his claim of retroactive application in the present case, defendant points to Cicero , supra , 157 Cal.App.3d 465, 204 Cal.Rptr. 582. The Cicero court observed: "The original language of section 288, subdivision (b), as added by the Legislature in 1979, provided: 'Any person who commits an act described in subdivision (a) by use of force, violence, duress, menace, or threat of great bodily harm, and against the will of the victim , shall be guilty of a felony ....' (Stats. 1979, ch. 944, § 6.5, p. 3254, italics added.) In a 1981 amendment, the Legislature deleted 'and against the will of the victim' from the statute. (Stats. 1981, ch. 1064, § 1, p. 4093.)" ( Id . at p. 476, 204 Cal.Rptr. 582.)
The appellate court undertook a lengthy review of legislative history and a number of authorities, and stated: "From this analysis we conclude the Legislature did not intend to eliminate from subdivision (b) the requirement that a lewd act be undertaken against *549 the will of the victim where the victim suffers no physical harm. [¶] But if the Legislature did not intend to amputate 'against the will of the victim' for all purposes from subdivision (b), what was the purpose of the 1981 amendment? We believe it was to make clear that the prosecution need not prove resistance by the minor in order to prove an act was committed 'by use of force' and against the will of the victim under subdivision (b)." ( Cicero , supra , 157 Cal.App.3d at p. 480, 204 Cal.Rptr. 582.) The court went on to say: "Our conclusion means that, while the prosecution need not prove resistance, if the victim suffered no physical harm the prosecution must still show that the lewd act was undertaken against the will of the victim." ( Id . at p. 481, 204 Cal.Rptr. 582.) The court found its conclusion "necessarily implie[d] that, where no physical harm is caused the victim, it is an affirmative defense to a charged violation of subdivision (b) 'by use of force' that the act was not, in fact, undertaken against the will of the victim but was rather undertaken with knowing consent . [Citations.]" ( Id . at p. 482, 204 Cal.Rptr. 582, italics added.)
The court summarized the rules applicable to a violation of section 288, subdivision (b), as follows: "Where a defendant uses physical force to commit a lewd act upon a child under the age of 14, and the child suffers physical harm as a consequence, the defendant has committed a lewd act 'by *611 use of force' under subdivision (b). Consent is no defense. Where no physical harm to the child has occurred, the prosecution has the burden of proving (1) that the defendant used physical force substantially different from or substantially in excess of that required for the lewd act and (2) that the lewd act was accomplished against the will of the victim. The prosecution may satisfy its burden on the latter issue by proving the physical force was such as would reasonably demonstrate that the lewd act was undertaken against the will of the victim under all circumstances, including the ages and sizes of the defendant and the victim. The prosecution need not prove that the victim resisted the lewd act. Where no physical harm to the victim has occurred, it is an affirmative defense that the victim knowingly consented to the lewd act ." ( Cicero , supra , 157 Cal.App.3d at pp. 484-485, 204 Cal.Rptr. 582, italics added.)
Cicero was followed, to varying degrees and often with little analysis, by a number of subsequent appellate opinions. (E.g., People v. Cochran (2002) 103 Cal.App.4th 8, 15-16, 126 Cal.Rptr.2d 416 ; People v. Bolander (1994) 23 Cal.App.4th 155, 160-161, 28 Cal.Rptr.2d 365 ; People v. Neel (1993) 19 Cal.App.4th 1784, 1787, 24 Cal.Rptr.2d 293 ; People v. Hecker (1990) 219 Cal.App.3d 1238, 1249-1251, 268 Cal.Rptr. 884 ; People v. Quinones (1988) 202 Cal.App.3d 1154, 1158, 249 Cal.Rptr. 435 ; People v. Mendibles (1988) 199 Cal.App.3d 1277, 1306, 245 Cal.Rptr. 553 ; People v. Lusk (1985) 170 Cal.App.3d 764, 770-771, 216 Cal.Rptr. 544 ; People v. Pitmon (1985) 170 Cal.App.3d 38, 51, 216 Cal.Rptr. 221.) In Soto , the California Supreme Court disapproved all of them, including Cicero , to the extent statements contained therein suggested consent of the victim was a defense to a charge of violating subdivision (b)(1) of section 288. ( Soto , supra , 51 Cal.4th at p. 248 & fn. 12, 119 Cal.Rptr.3d 775, 245 P.3d 410.)
Defendant's claim that Cicero controlled until abrogated by Soto is belied by Soto itself, wherein the state Supreme Court declared: "Lack of consent by the child victim is not an element of either lewd act offense defined in section 288. Nor is willingness by the child a defense to either crime. For over 100 years, California law has consistently provided that children under age 14 cannot give valid legal consent to sexual acts with adults . [Citation.]
*550 The Legislature has drafted the child molestation laws to make issues regarding the child victim's consent immaterial as a matter of law in these cases." ( Soto , supra , 51 Cal.4th at p. 238, 119 Cal.Rptr.3d 775, 245 P.3d 410, first italics added.)
With respect to Cicero and its progeny, the California Supreme Court observed: "Despite the removal of the phrase 'against the will of the victim' from section 288(b), some courts continued to recognize consent as a defense to an aggravated lewd acts charge because they reasoned consent was inconsistent with the use of force and duress. ... The Cicero majority's faulty reasoning caused it to interpret section 288(b) as meaning precisely the *612 opposite of what the Legislature intended." ( Soto , supra , 51 Cal.4th at p. 241, 119 Cal.Rptr.3d 775, 245 P.3d 410.) Soto noted that Cicero based its conclusion that consent is a defense "on a flawed analogy between lewd acts on a child and rape," despite the fact the state high court had "cautioned that significant differences between these crimes argue strongly against importing definitions from one context to the other. [Citation.]" ( Soto , supra , at p. 243, 119 Cal.Rptr.3d 775, 245 P.3d 410.)
Examining the argument, similar to the one defendant now makes, that "[a] virtually unbroken line of authority" post- Cicero "has interpreted duress, menace and threat as behavior inconsistent with the victim's freely given consent" ( Soto , supra , 51 Cal.4th at p. 254, 119 Cal.Rptr.3d 775, 245 P.3d 410 (conc. & dis. opn. of Werdegar, J.) ), the Soto majority stated: "In fact, no decision has actually held that consent is a defense when it is alleged that lewd acts were accomplished by duress. ... [T]he issue of duress was not presented in Cicero ; therefore, the majority's discussion of it was dictum. Although other decisions have repeated Cicero 's dictum, none has directly ruled that a child victim's consent negates a finding of duress under section 288(b)(1)." ( Soto , supra , at p. 247, 119 Cal.Rptr.3d 775, 245 P.3d 410.) The high court reiterated: "The approach we endorse today is venerable. California law has long recognized that consent is not a defense when the victim of a sex crime is a child under age 14." ( Ibid . )
Defendant asserts that regardless of the Soto majority's conclusion, Cicero 's determination that consent is a defense to aggravated lewd acts "went unchallenged" until Soto was decided. To the contrary, as Soto itself observed, " Cicero 's discussion of victim consent has generated disagreement. [Citations.]" ( Soto , supra , 51 Cal.4th at pp. 244-245, 119 Cal.Rptr.3d 775, 245 P.3d 410, italics added; see, e.g., People v. Cardenas (1994) 21 Cal.App.4th 927, 937, fn. 7, 26 Cal.Rptr.2d 567 ; People v. Quinones , supra , 202 Cal.App.3d at p. 1158, 249 Cal.Rptr. 435 ; see also In re Paul C. (1990) 221 Cal.App.3d 43, 51, 270 Cal.Rptr. 369.)
In light of the foregoing, we reject defendant's claim that Soto 's holding was an unforeseeable judicial enlargement of section 288, subdivision (b)(1). The trial court correctly instructed the jury that consent was not a defense to the aggravated lewd acts charged in counts 1 and 2, and defendant's due process rights were not violated by virtue of the instruction.
B. Intent Required for Section 288.7, Subdivision (b)
"In every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence." (§ 20.) Pursuant to CALCRIM No. 252, the trial court instructed, in pertinent part:
"The crimes and/or other allegations charged in this case require proof of the union or joint operation of act and wrongful intent.
*551 *613 "The following crimes and allegation require general criminal intent: ... Count ... 11, Penal Code Section 288.7(b), ... sexual penetration with a child ....
"For you to find a person guilty of these crimes ..., that person must not only commit the prohibited act, but must do so with a wrongful intent.
"A person acts with wrongful intent when he or she intentionally does a prohibited act. However, it's not required that he or she intend to break the law. The act required is explained in the instruction for each crime or allegation."
Defendant correctly contends the instruction was erroneous with respect to count 11, which was based on defendant's penetration of R.'s vagina with his finger.[15] When based on oral copulation of a child, a violation of section 288.7, subdivision (b) is indeed a general intent crime. (See, e.g., People v. Thornton (1974) 11 Cal.3d 738, 765, 114 Cal.Rptr. 467, 523 P.2d 267, overruled on another ground in People v. Martinez , supra , 20 Cal.4th at pp. 234-237, 83 Cal.Rptr.2d 533, 973 P.2d 512, disapproved on another ground in People v. Flannel (1979) 25 Cal.3d 668, 684-685, fn. 12, 160 Cal.Rptr. 84, 603 P.2d 1 ; People v. Brocklehurst (1971) 14 Cal.App.3d 473, 476, 92 Cal.Rptr. 340.) However, when, as in count 11, the violation of the statute is based on sexual penetration, it is a specific intent crime. ( People v. ZarateCastillo (2016) 244 Cal.App.4th 1161, 1167, 199 Cal.Rptr.3d 184 ; People v. Ngo , supra , 225 Cal.App.4th at p. 157, 170 Cal.Rptr.3d 90.) This is so because section 288.7, subdivision (b) proscribes sexual penetration, "as defined in Section 289," with a child. Subdivision (k)(1) of section 289 in turn defines sexual penetration as anal or genital penetration, by any foreign object, "for the purpose of sexual arousal, gratification, or abuse ...." In light of subdivision (k), a violation of section 289 is a specific intent crime. ( People v. McCoy (2013) 215 Cal.App.4th 1510, 1539-1540, 156 Cal.Rptr.3d 382.)[16] It necessarily follows that "the same is true of sexual penetration of a child 10 years *614 old or younger, since the definition of 'sexual penetration' is the same for both crimes." ( People v. ZarateCastillo , supra , 244 Cal.App.4th at p. 1168, 199 Cal.Rptr.3d 184.) *552 "The trial court must instruct even without request on the general principles of law relevant to and governing the case. [Citation.] That obligation includes instructions on all of the elements of a charged offense. [Citation.]" ( People v. Cummings (1993) 4 Cal.4th 1233, 1311, 18 Cal.Rptr.2d 796, 850 P.2d 1, abrogated on another ground in People v. Merritt (2017) 2 Cal.5th 819, 831, 216 Cal.Rptr.3d 265, 392 P.3d 421.) The legal principle codified in section 20 (see ante , p. 550) is so basic a requirement " 'that it is an invariable element of every crime unless excluded expressly or by necessary implication.' " ( People v. Green (1980) 27 Cal.3d 1, 53, 164 Cal.Rptr. 1, 609 P.2d 468, overruled on another ground in People v. Martinez , supra , 20 Cal.4th at pp. 234-237, 83 Cal.Rptr.2d 533, 973 P.2d 512 & disapproved on another ground in People v. Hall (1986) 41 Cal.3d 826, 834, fn. 3, 226 Cal.Rptr. 112, 718 P.2d 99.) Thus, a trial court is obligated to give a correct instruction on the concurrence of act and specific intent whenever the offense charged is a specific intent crime. ( People v. Alvarez (1996) 14 Cal.4th 155, 220, 58 Cal.Rptr.2d 385, 926 P.2d 365.)
The correctness of jury instructions is determined from the entire charge of the court. ( People v. Bolin , supra , 18 Cal.4th at p. 328, 75 Cal.Rptr.2d 412, 956 P.2d 374 ; People v. Forrest (2017) 7 Cal.App.5th 1074, 1087, 212 Cal.Rptr.3d 848.) Pursuant to CALCRIM No. 1128, the trial court instructed:
"The following instruction applies to Counts 4 and 11: The defendant is charged in Counts 4 and 11 with engaging in oral copulation or sexual penetration of a child ten years of age or younger in violation of Penal Code Section 288.7(b). Count 4 pertains to [G.] and Count 11 pertains to [R.]. ... [¶] ... [¶]
"To prove that the defendant is guilty of this crime as alleged in Count 11 the People must prove that, one, the defendant engaged in an act of sexual penetration with [R.]; two, when the defendant did so [R.] was ten years of age or younger; three, at the time of the act the defendant was at least 18 years old.
"Sexual penetration means penetration, however slight, of the genital or anal opening of the other person by a foreign object, substance, instrument, device or any unknown object for the purpose of sexual abuse, arousal or gratification.
*615 "Penetration for sexual abuse means penetration for the purpose of causing pain, injury or discomfort."
This instruction correctly defined sexual penetration and informed jurors of the requisite purpose. We cannot say the instructions given here were correct, however, because CALCRIM No. 252 was erroneous on its face with respect to count 11 and conflicted with CALCRIM No. 1128. (See People v. Maurer (1995) 32 Cal.App.4th 1121, 1125, 38 Cal.Rptr.2d 335.)
Courts have differed concerning the proper standard for assessing prejudice with respect to this type of error. (Compare People v. Ngo , supra , 225 Cal.App.4th at pp. 162-163, 170 Cal.Rptr.3d 90 [suggesting " 'reasonable likelihood' " standard is appropriate] with People v. ZarateCastillo , supra , 244 Cal.App.4th at pp. 1168-1169, 199 Cal.Rptr.3d 184 [applying beyond-a-reasonable-doubt standard of Chapman v. California (1967) 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 ( Chapman ) ]; see People v. Lee (1987) 43 Cal.3d 666, 668-669, 238 Cal.Rptr. 406, 738 P.2d 752 [applying Chapman standard to giving of contradictory and partially inaccurate instructions regarding intent-to-kill element of attempted murder]; Ho v. Carey (9th Cir. 2003) 332 F.3d 587, 592 ["reasonable *553 likelihood" standard employed for ambiguous instruction inappropriate where disputed instruction erroneous on face].) We need not take sides, as we are convinced the error was harmless even under Chapman 's more stringent standard.
"[T]he question [ Chapman ] instructs the reviewing court to consider is not what effect the ... error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand. [Citation.] Harmless-error review looks ... to the basis on which 'the jury actually rested its verdict.' [Citation.] The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." ( Sullivan v. Louisiana (1993) 508 U.S. 275, 279, 113 S.Ct. 2078, 124 L.Ed.2d 182.) "[W]here a reviewing court concludes beyond a reasonable doubt that the ... element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the erroneous instruction is properly found to be harmless." ( Neder v. United States (1999) 527 U.S. 1, 17, 119 S.Ct. 1827, 144 L.Ed.2d 35.)
As we previously observed, CALCRIM No. 1128 correctly set out the elements-including the intent-required for the jury to convict defendant of sexual penetration of a child 10 years of age or younger, as charged in count 11. The language of the instruction covered both the requisite intent per se *616 and the requirement of a concurrence of act and specific intent.[17] The record on appeal-which we have carefully reviewed-contains no evidence that could rationally lead to a finding the act of penetration charged in count 11 was committed for a purpose other than sexual arousal, gratification, or abuse. Moreover, defendant did not contest the element, but rather denied any culpability. Since no rational jury could have found the specific intent element unproven, the error was harmless beyond a reasonable doubt. ( Neder v. United States , supra , 527 U.S. at p. 19, 119 S.Ct. 1827 ; People v. Singh (2004) 119 Cal.App.4th 905, 913, 14 Cal.Rptr.3d 769.)
IV-V†
DISPOSITION
The judgment is affirmed. The trial court is directed to cause to be prepared an amended "ABSTRACT OF JUDGMENT-PRISON COMMITMENT-INDETERMINATE" (form CR-292) that lists count 1 in box 6.a., but omits it from box 6.b.; and an amended "FELONY ABSTRACT OF JUDGMENT-DETERMINATE" (form CR-290) that shows the 10-year enhancement listed in box 3. was imposed pursuant to Penal Code section 12022.53, subdivision (b) ; and shall cause a certified copy of same to be transmitted to the appropriate authorities.
WE CONCUR:
HILL, P.J.
LEVY, J.

See footnote, ante .

See footnote, ante .

What was originally subdivision (b) of section 288 became subdivision (b)(1) of the statute in 1996. (Stats. 1995, ch. 890, § 1.) We refer to subdivisions (b) and (b)(1) interchangeably.

Defendant's failure to object to the instruction at trial did not forfeit the issue. (People v. Nelson (2016) 1 Cal.5th 513, 543, 205 Cal.Rptr.3d 746, 376 P.3d 1178.)

People v. Dillon (2009) 174 Cal.App.4th 1367, 1380, 95 Cal.Rptr.3d 449 held to the contrary, reasoning that "the mental state required to be found guilty of forcible sexual penetration is not the same as the specific intent to commit that crime. [Citation.]" We respectfully disagree with the Dillon court's conclusion. " 'When the definition of a crime consists of only the description of a particular act, without reference to intent to do a further act or achieve a future consequence, we ask whether the defendant intended to do the proscribed act. This intention is deemed to be a general criminal intent. When the definition refers to defendant's intent to do some further act or achieve some additional consequence, the crime is deemed to be one of specific intent.' [Citation.]" (People v. Atkins (2001) 25 Cal.4th 76, 82, 104 Cal.Rptr.2d 738, 18 P.3d 660.) Statutory language "typically denoting specific intent crimes" includes " 'with the intent' " and " 'for the purpose of.' " (People v. Hering (1999) 20 Cal.4th 440, 446, 84 Cal.Rptr.2d 839, 976 P.2d 210.) We find persuasive the reasoning of People v. McCoy , supra , 215 Cal.App.4th at page 1540, 156 Cal.Rptr.3d 382, that the definition of sexual penetration contained in section 289, subdivision (k)(1) "refers to the defendant's intent to achieve an 'additional consequence,' i.e., arousal, gratification, or abuse. [Citation.] Thus, in drafting section 289, the Legislature required the act of penetration to be committed with the specific intent to gain sexual arousal or gratification or to inflict abuse on the victim." (Accord, People v. ZarateCastillo , supra , 244 Cal.App.4th at pp. 1167-1168, 199 Cal.Rptr.3d 184.)

"Under section 20, the defendant's wrongful intent and his physical act must concur in the sense that the act must be motivated by the intent." (People v. Green , supra , 27 Cal.3d at p. 53, 164 Cal.Rptr. 1, 609 P.2d 468.)

See footnote, ante .